UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| ST. ALEXIUS MEDICAL CENTER, | ) |
| --- | --- |
| Plaintiff, | ) |
| | ) No. 14 C 8890 |
| v. | ) |
| | ) Chief Judge Rubén Castillo |
| ROOFERS' UNIONS WELFARE TRUST, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff St. Alexius Medical Center brings this action under the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, against Defendant Roofers' Union Welfare Trust Fund to recover: (1) payment for unpaid hospital benefits, and (2) statutory penalties for failure to provide the requested health plan. (R. 18-1, Am. Compl.) Presently before the Court is Defendant's motion to dismiss Plaintiff's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (R. 22, Def.'s Mot.) For the reasons set forth below, Defendant's motion is granted in part and denied in part.

## RELEVANT FACTS

Plaintiff is an Illinois not-for-profit corporation located and doing business in Cook County, Illinois. (R. 18-1, Am. Compl. ¶ 3.) Defendant is a fund created pursuant to ERISA that provides group health benefits to eligible employees. (*Id.* ¶¶ 4, 6.) The Restated Rules and Regulations of the Health and Welfare Plan of Benefits Provided by the Roofers' Unions Welfare Trust Fund (the "Plan") sets forth the terms of coverage for plan participants. (*Id.* ¶ 25.) A summary of the Plan was provided to the eligible participants in the January 1, 2006 Summary Plan Description ("SPD"). (*Id.* ¶ 4.)

From January 9, 2007, through November 29, 2007, Plaintiff provided medical services totaling $153,424.00 to an unnamed patient ("the Patient") of the Plan. (*Id.* ¶¶ 6, 8, 13.) Both the Patient and the unnamed employer[1] timely made all premium payments required by Defendant through November 29, 2007. (*Id.* ¶ 12.) During the course of the Patient's treatment, he assigned all of his rights and benefits under the Plan and authorized payment of benefits directly to Plaintiff. (*Id.* ¶ 9.) On December 29, 2007, thirty days after discharging the Patient, Plaintiff electronically delivered a bill to Defendant for services rendered to the Patient. (*Id.* ¶ 14.) Plaintiff alleges that Defendant received the bill on or before January 1, 2008, and failed to issue a denial of payment until December 2008. (*Id.* ¶ 16.)

Plaintiff assumed that Defendant's lack of response was a denial of payment, and on August 14, 2008, Plaintiff sent Defendant a letter that it alleges served a timely appeal of the denial of payment. (*Id.* ¶ 17.) Plaintiff alleges that Defendant issued a denial letter to Plaintiff on December 5, 2008. (*Id.* ¶ 18.) Pursuant to ERISA, Plaintiff formally requested that Defendant produce a copy of the Plan, including any booklet, brochure, or document received, on three dates: August 14, 2008; January 28, 2014; and March 14, 2014. (*Id.* ¶ 23.) Defendant did not provide the requested information within the thirty-day period required by ERISA. (*Id.* ¶ 24.) Defendant did not provide Plaintiff with the Plan until January 6, 2015. (*Id.* ¶ 25.) As a result, Plaintiff alleges that Defendant incurred $228,000 in statutory penalties. (*Id.* ¶¶ 26-27.)

## PROCEDURAL HISTORY

Plaintiff commenced this action on November 6, 2014. (R. 1, Compl.) On January 6, 2015, Defendant moved to dismiss under Rule 12(b)(6). (R. 10, Def.'s Mot.) Plaintiff filed an amended complaint on February 13, 2015. (R. 18-1, Am. Compl.) In Count I, Plaintiff seeks to

---

[1] The amended complaint is silent as to the identity of the Patient's employer. Neither party mentions the identity of the employer in its pleadings.

recover $153,424.00 for unpaid hospital services under 29 U.S.C. §§ 1132(a)(1)(B) and 1132(a)(3)(A)-(B). (*Id.* ¶ 10.) In Count II, pursuant to 29 U.S.C. § 1132(c)(1)(B), Plaintiff seeks to recover $228,000.00 in statutory penalties due to Defendant's failure to timely provide Plaintiff with the Plan. (*Id.* ¶ 26.) On March 16, 2015, Defendant filed a motion to dismiss Plaintiff's amended complaint. (R. 22, Def.'s Mot.) On April 16, 2015, Plaintiff filed a response to Defendant's motion, (R. 27, Pl.'s Resp.), and Defendant replied on May 6, 2015, (R. 28, Def.'s Reply).

## LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) "challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). When reviewing a motion to dismiss, the Court accepts as true all factual allegations in the complaint and draws all reasonable inferences in the non-movant's favor. *Id.* Pursuant to Rule 8(a)(2), a complaint must contain "a 'short and plain statement of the claim showing that the pleader is entitled to relief,' sufficient to provide defendant with 'fair notice' of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009) (quoting *Twombly*, 550 U.S. at 570). "Plausibility" in this context does not imply that a court "should decide whose version to believe, or which version is more likely than not." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). Rather, to survive a motion to dismiss, the "plaintiff must give enough details about the subject-matter of the case to present a story that holds together." *Id.* In other words, "the court will ask itself *could* these things have happened, not *did* they happen." *Id.*

3

## ANALYSIS

In its motion to dismiss, Defendant raises three arguments: (1) Plaintiff's claim for benefits and statutory penalties for the August 2008 request are time-barred; (2) Plaintiff lacks standing to sue for statutory penalties for the January 2014, and March 2014 requests; (3) Plaintiff failed to exhaust all administrative remedies pertaining to its claim for medical benefits prior to filing this action. (R. 23, Def.'s Mem.) The Court addresses each argument in turn.

### I. Whether Plaintiff's claims are time-barred

#### A. Whether Plaintiff's claim for benefits is time-barred

Defendant argues that Plaintiff's claim for benefits is time-barred under the Plan's two-year statute of limitations period.[2] (R. 28, Def.'s Reply at 4.) Plaintiff counters that the claim for benefits is not time-barred because the SPD is the operative plan document, and it does not provide a statute of limitations provision. (R. 27, Pl.'s Resp. at 10-11.) Plaintiff argues that due to the SPD's silence regarding a limitations period, the Court should apply a ten-year period pursuant to 735 Ill. Comp. Stat. 5/13-206. (*Id.*)

As an initial matter, the Court must determine whether the terms of the SPD or Plan apply.[3] (R. 27, Pl.'s Resp. at 3.) Plaintiff, relying upon Defendant's September 2011 SMM, argues that the terms of the SPD supplanted those of the Plan. (R. 27, Pl.'s Resp. at 2-3.) The

---

[2] An affirmative defense is not typically a proper grounds for dismissal under Rule 12(b)(6). *United States v. N. Trust. Co.*, 372 F.3d 886, 888 (7th Cir. 2004). A complaint may state a claim regardless of whether a defense is potentially available. *Id.* However, an affirmative defense, such as untimeliness, may serve as a basis for dismissal at the pleading stage when a complaint plainly reveals that an action is untimely under the governing statute of limitations. *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005) (citation omitted).

[3] In deciding a motion to dismiss, the Court can consider "allegations set forth in the complaint itself, documents that are attached to the complaint, documents that are central to the complaint and are referred to in it, and information that is properly subject to judicial notice." *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013). Here, Defendant attaches the following documents to its current and previous motions to dismiss: (1) Plan; (2) SPD; (3) Summaries of Material

4

SMM provides, in relevant part, that "the provisions contained in the Welfare Plan's [SPD] and subsequently issued [SMM] serve as the Welfare Plan's Plan document . . . . As such, the provisions in the [Plan] are not operative and have not been utilized to determine any participant's rights and benefits under the Welfare Plan." (R. 13-4, Ex. A-12, SMM at 29.) However, Plaintiff fails to acknowledge that the SMM amended the Plan effective September 2011. (*Id.*) The Seventh Circuit has held that "the controlling plan must be the plan in effect at the time the benefits were denied." *Hackett v. Xerox Corp. Long-Term Disability Income Plan*, 315 F.3d 771, 774 (7th Cir. 2003). Although there is some dispute about the precise date that the claim was denied, the parties agree that Defendant denied the claim sometime in 2008. (*See* R. 23, Def.'s Mem. at 8; R. 27, Pl.'s Resp. at 3.) Thus, the Plan was in operation at the time the claim was denied, not the SPD. Accordingly, the Court will apply the terms of the Plan.

Having established that the terms of the Plan govern this dispute, the Court will determine the appropriate statute of limitations period to apply. Defendant argues that the Plan provides a two-year contractual limitation that must be upheld. (R. 23, Def.'s Mem. at 10.) Plaintiff argues that despite the two-year statute of limitations listed in the Plan, the Court should apply the Illinois statute of limitations period of ten years that governs contracts. (R. 27, Pl.'s Resp. at 3); *see* 735 Ill. Comp. Stat. 5/13-206.

ERISA does not provide a statute of limitations. *Abena v. Metropolitan Life Ins. Co.*, 544 F.3d 880, 883 (7th Cir. 2008). When a statute is silent as to the limitations period, "the usual

---

Modifications ("SMMs"); (4) Plaintiff's August 14, 2008 letter to Defendant; (5) Defendant's December 5, 2008 letter to Plaintiff; and (6) Patient's January 8, 2008 assignment of benefits to Plaintiff. (*See* R. 11-1, Ex. A-1, Plan; R. 12-3, Ex. A-7, SPD; R. 13-4, Ex. A-12, SMMs; R. 14-3, Ex. B, Pl.'s Aug. 2008 Letter; R. 23-3, Ex. C, Def.'s Denial Letter; R. 23-4, Ex. D, Patient's Assignment.) Plaintiff relies on these documents in support of its claims and does not dispute their authenticity. (*See* R. 18-1, Am. Compl.; R. 27, Pl.'s Resp.) Because these documents are referenced in the amended complaint and are central to Plaintiff's claims, they can properly be considered by the Court. *See Williamson*, 714 F.3d at 436.

practice in that instance is to borrow the limitations period of the most closely analogous state or federal statute." *Id.* (citation omitted). However, the Seventh Circuit has observed that the prevailing rule in contract law allows for a shorter contractual limitations period than the statutory period, provided that it is reasonable. *Id*. (citation omitted). The Seventh Circuit has adopted the prevailing rule and held that "contractual limitations, if reasonable, are enforceable in suits under ERISA, regardless of state law." *Id*. (citation omitted). The Supreme Court affirmed that a contractual limitation should be given effect unless a court determines that the time period is unreasonably short, or that a "controlling statute" prevents the limitations provision from taking effect. *Heimeshoff v. Hartford Life & Accident Ins. Co.*, 134 S. Ct. 604, 612 (2013) (citation omitted).

Here, neither party claims that the Plan's two-year limitations provision is unreasonably short. The Seventh Circuit has found that even when the internal appeals process shortened the contractual limitations to seven months, this was still a reasonable amount of time to file a suit. *Abena*, 544 F.3d at 883. In this case, Plaintiff furnished its proof of loss to Defendant on December 29, 2007. (R. 18-1, Am. Compl. ¶ 14.) Therefore, Plaintiff had until December 29, 2009, to file suit for its claim for benefits. Defendant did not send its denial letter until December 5, 2008, therefore the internal appeal process was shortened, giving Plaintiff a little over a year to file suit. (*See* R. 23-3, Ex. C, Def.'s Denial Letter.) In light of the Seventh Circuit's holding in *Abena*, this Court finds that the two-year statute of limitations is reasonable.

Plaintiff relies on *Daill v. Sheet Metal Workers' Local 73 Pension Fund*, 100 F.3d 62, 65 (7th Cir. 1996), for the proposition that Illinois' ten-year statute of limitations is the "controlling statute," and thus applies in this case. However, *Daill* is distinguishable to the instant case. In *Dail*, the plan did not expressly provide a contractual limitation, and therefore the court applied

6

Illinois' ten-year limitations period for contracts. 100 F.3d 62, 65 (7th Cir. 1996). Conversely, the Plan expressly provides that no action may be brought unless it is done so within two years from the date the "proof of loss" was furnished. (R. 11-1, Ex. A-1, Plan at 37.) As stated above, ERISA does not provide a statute of limitations period, *see Abena*, 544 F.3d at 883, and therefore there is no "controlling statute." Further, as the *Abena* court made clear, Defendant is free to contractually set a limitations period. The Court has determined that the two-year period is reasonable and not in violation of a controlling statute. *See Heimeshoff*, 134 S. Ct. at 612. Therefore, the Court will enforce the two-year statute of limitations.

Finally, the Court must determine whether Plaintiff's claim for benefits is time-barred. Plaintiff submitted its proof of loss on December 29, 2007. (R. 18-1, Am. Compl. ¶ 14.) As a result, Plaintiff had until December 29, 2009, to file a timely suit under the two-year contractual limitation provision in the Plan. Instead, Plaintiff waited to file suit until November 6, 2014, almost five years after the statute of limitations expired. (*See* R. 1, Compl.) Accordingly, Plaintiff's claim for benefits is time-barred, and the Court must dismiss Count I.

As a result of the Court's conclusion on this issue, it need not reach Defendant's additional argument regarding Plaintiff's failure to exhaust its claim for benefits.

**B.    Whether Plaintiff's claim for August 14, 2008 statutory penalties are time-barred**

ERISA gives a plan administrator thirty days to produce the requested plan documents. 29 U.S.C. § 1132(c)(1). If a plan administrator fails to produce the requested information, the court may use its discretion and find liability "in the amount of up to $100 a day from the date of such failure or refusal[.]" *Id.* Defendant moves to dismiss Plaintiff's August 14, 2008 claim for statutory penalties as untimely under 735 Ill. Comp. Stat. 5/13-202. (R. 23, Def.'s Mem. at 12.) Defendant argues that statutory penalties are penal and should be governed by Illinois' two-year

7

penalty statute. (*Id.*) Plaintiff argues that this Court should follow *Leister v. Dovetail, Inc.*, 546 F.3d 875, 880 (7th Cir. 2008), and apply the ten-year statute of limitations pursuant to 735 Ill. Comp. Stat. 5/13-206. (R. 27, Pl.'s Resp. at 14-15.)

Currently, no consensus exists among the federal appellate courts regarding which statute of limitations is proper for statutory penalties under ERISA, and the Seventh Circuit has not directly spoken on this issue. *See Hakim v. Accenture U.S. Pension Plan*, 656 F. Supp. 2d 801, 822 (N.D. Ill. 2009). Appellate courts have taken three approaches. *Id.* The Third, Fourth, and Eighth Circuits have held that a claim for statutory penalties are "penal" for statutory construction purposes and have applied the forum state's corresponding statute of limitations for penalties. *See Iverson v. Ingersoll-Rand. Co.*, 125 Fed. App'x 73, 76-77 (8th Cir. Dec. 30, 2004); *Pressley v. Tupperware Long-Term Disability Plan*, 553 F.3d 334, 337-39 (4th Cir. 2009); *Groves v. Modified Ret. Plan*, 803 F.2d 109, 117 (3d Cir. 1986). The Ninth Circuit has concluded that statutory penalties are compensatory and refused to apply the statute of limitations for statutory penalties. *See Stone v. Travelers Corp.*, 58 F.3d 434, 439 (9th Cir. 1995) (holding that statutory damages remedy was not a penalty, because it was intended to compensate plaintiffs in a situation where "the damages may be obscure and difficult to prove" (citation omitted)). The Fifth Circuit did not follow either approach, instead finding that the proper statute of limitations is that of an action for breach of fiduciary duty. *See Hatteberg v. Red Adair Co. Inc. Emps.' Profit Sharing Plan*, 79 Fed. App'x. 709, 715 (5th Cir. Nov. 6, 2003).

Although the Seventh Circuit has not expressly spoken on this issue, the *Hakim* court analyzed Seventh Circuit precedent and concluded that claims for statutory penalties are penal, and therefore a two-year limitations period should apply. *Hakim*, 656 F. Supp. 2d at 822. In *Anderson v. Flexel, Inc.*, the Seventh Circuit observed that it "might be inclined to find that the

8

two-year statute of limitations for statutory penalties applies to § 1132(c) claims[.]" 47 F.3d 243, 247 (7th Cir. 1995). Similarly, in *Mondry v. American Family Mutual Insurance Co.*, 557 F.3d 781 (7th Cir. 2009), the court reasoned that the purpose of statutory penalties "is to induce the plan administrator to comply with the statutory mandate rather than to compensate the plan participant for an injury she suffered as a result of non-compliance." 557 F.3d at 806. Thus, the *Hakim* court concluded that statutory penalty claims are penal and imposed a two-year limitations period. 656 F. Supp. 2d at 823; *see also DeBartolo v. Health & Welfare Dep't of Constr. & Gen. Laborers' Dist. Council of Chi. & Vicinity*, No. 1:09-cv-0039, 2010 WL 3273922, at *9 (N.D. Ill. Aug. 17, 2010) (finding *Hakim* court's reasoning persuasive that statutory penalties under ERISA are penal rather than compensatory and applying the two-year statute of limitations). The Court agrees that statutory penalties under ERISA are penal in nature, and therefore will apply the two-year statute of limitations.

The Court must now determine whether Plaintiff's claim for statutory penalties was filed within two years. A claim for statutory penalties accrues thirty days from the date the plan information is requested. *See* 29 U.S.C. § 1132(c)(1); *see also Hakim*, 656 F. Supp. 2d at 823. On August 14, 2008, Plaintiff made a written request for all plan documents. (R. 18-1, Am. Compl. ¶ 23; R. 14-3, Ex. B, Pl.'s Aug. 2008 Letter at 2.) Defendant had until September 14, 2008, to comply with Plaintiff's demand for production of Plan documents. *See* 29 U.S.C. § 1132(c)(1). Defendant does not dispute that it failed to send Plaintiff the requested documents until January 6, 2015. (R. 18-1, Am. Compl. ¶ 25.) Accordingly, Plaintiff had until September 14, 2010, to file suit seeking statutory penalties. Plaintiff did not file suit until November 6, 2014—four years after the statute of limitations expired. (*See* R. 1, Compl.) Therefore, the

Court finds that Plaintiff's August 2008 claim for statutory penalties is untimely. Accordingly, the Court will dismiss Plaintiff's claim for August 2008 statutory penalties.

II.  **Whether Plaintiff lacks standing for its January 2014 and March 2014 statutory penalty claims**

Defendant next argues that Plaintiff lacks standing to bring its remaining statutory penalty claims. (R. 23, Def.'s Mem. at 13.) Specifically, Defendant argues that the language in the Patient's assignment of benefits provided Plaintiff with a right to sue for benefits but not for statutory penalties. (*Id.* at 13-14.) Alternatively, Defendant argues that Plaintiff lacks standing to sue for statutory penalties because it did not have a "colorable claim" for medical benefits at the time it filed suit. (*Id.* at 14-15 (citing *Neuma, Inc. v. AMP, Inc.*, 259 F.3d 864, 878 (7th Cir. 2001)).) Plaintiff failed to respond to Defendant's arguments.

As described above, ERISA gives a plan administrator thirty days to produce the requested plan documents. 29 U.S.C. § 1132(c)(1). If a plan administrator fails to produce the requested information, the Court may use its discretion and find liability "in the amount of up to $100 a day from the date of such failure or refusal[.]" *Id.* "Under ERISA, only a 'participant' or a 'beneficiary' is entitled to request . . . plan documents and seek penalties for the failure of their production." *Neuma*, 259 F.3d at 878 (citing 29 U.S.C. § 1024(b)(4); 29 U.S.C. § 1132(c)(1)(B)). The Seventh Circuit has held that when a patient validly assigns his benefits to a health care provider, that provider becomes a "beneficiary" within the meaning of ERISA. *Kennedy v. Conn. Gen. Life Ins. Co.*, 924 F.2d 698, 700 (7th Cir. 1991); *see also* 29 U.S.C. § 1002(8).[4] Accordingly, courts in this District have found that an assignee's right to sue for

---

[4] The Seventh Circuit's interpretation of "beneficiary" is in line with Section 1002(8), which provides that "[t]he term 'beneficiary' means a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder."

10

unpaid medical benefits extends to a right to sue for statutory penalties. *See DeBartolo v. Blue Cross/Blue Shield of Ill.*, No. 01 C 5940, 2001 WL 1403012, at *4-*5 (N.D. Ill. Nov. 9, 2001); *Alexian Bros. Med. Ctr. v. S. Lorain Merchs. Ass'n Health & Welfare Plan*, No. 98 C 0559, 1998 WL 911783, at *4 (N.D. Ill. Dec. 24, 1998); *Loretto Hosp. v. Local 100-A Health & Welfare Fund*, No. 97 C 1353, 1998 WL 852878, at *10 (N.D. Ill. Dec. 4, 1998).

Here, neither party disputes that Plaintiff is a beneficiary pursuant to the assignment of benefits. The assignment provides:

> I hereby assign to the hospital all benefits provided under any healthcare plan or medical expense policy, including motor vehicle insurance, otherwise due or payable to me or on my behalf, provided the amount of such benefits shall not exceed the hospital's charges as set forth in the Hospital's Master Charge List. In the event I am entitled to benefits payable for physician services, these benefits are hereby assigned to the physicians providing those services. All payments under this paragraph are to be made directly to such assignee.

(R. 23-4, Ex. D, Patient's Assignment). Defendant argues that the assignment of benefits does not confer standing to sue for statutory penalties. (R. 23, Def.'s Mem. at 14.) Defendant cites to several cases in other Circuits in support of his argument. (*Id.* at 14-15 (citing *Tex. Life, Accident, Health & Hosp. Serv. Ins. Guar. Ass'n v. Gaylord Entm't Co.*, 105 F.3d 210 (5th Cir. 1997); *Eden Surgical Ctr. v. B. Braun Med., Inc.*, 420 Fed. App'x 696 (9th Cir. Mar. 9, 2011); *Barix Clinics of Ohio, Inc. v. Longaberger Family of Cos. Grp. Med. Plan*, 459 F. Supp. 2d 617 (S.D. Ohio 2005)).) However, the Court finds these cases inapposite or unpersuasive.

First, in *Texas Life*, the court was addressing whether there was "derivative standing" to sue for statutory penalties relating to pension plans. 105 F.3d at 215. However, the court stated that it "recognized derivative standing in context of employee welfare benefit plans[,]" but not in pension plans. *Id.* This is a critical distinction, as the plan in the instant case is a welfare benefit plan, and therefore this case is not applicable. Similarly, in *Eden*, the plans at issue included

provisions barring the assignment of rights to medical benefits, and therefore the relevant inquiry was whether the assignees had "the right to sue for statutory penalties, independent from a claim for benefits." 420 Fed. App'x at 697. The Ninth Circuit declined to reach the issue of whether assignees of medical benefits have standing to sue for statutory penalties. *Id*. Here, the Plan contains no such provision, and the parties do not dispute that the Patient validly assigned his rights to Plaintiff. As a result, this case is also inapplicable. Finally, in *Barix*, the court found that the medical provider plaintiff lacked standing to sue for statutory penalties because it was not a "beneficiary" within the meaning of ERISA. 459 F. Supp. 2d. at 624. The court noted that the plaintiff had been assigned rights under the plan by another "beneficiary[,]" rather than a "participant[.]" *Id*. Therefore, the court concluded that the plaintiff was an assignee rather than a beneficiary, and could not assert every right that a "participant" or "beneficiary" may have under ERISA. *Id*.; *see also* 29 U.S.C. § 1002(8) (in order to be a "beneficiary" under ERISA a "participant" must designate the person or entity as entitled to a plan benefit). In contrast, the parties in this case do not dispute that the Patient is a "participant" and that Plaintiff is a "beneficiary" within the meaning of ERISA. Employing the *Barix* court's reasoning, Plaintiff would be entitled to assert all the rights afforded to it as a "beneficiary," including those pertaining to statutory penalties.

All of the cases Defendant relies on are non-binding authority. The Court declines to follow these cases, as they are either distinguishable or inapplicable to the present case for the reasons outlined above. Courts in this District have found that an assignment of benefits confers standing on plan beneficiaries to bring suit for statutory penalties. *See DeBartolo*, 2001 WL 1403012, at *5; *Loretto Hosp.*, 1998 WL 852878 at *10; *Alexian Bros. Med. Ctr.*, 1998 WL911783, at *4. The Court finds the reasoning of these cases persuasive. Because Plaintiff

12

received a valid assignment of benefits from Plaintiff, the Court finds that Plaintiff has standing to assert its January 2014 and March 2014 statutory penalty claims.

Defendant argues that even if Plaintiff has a right to sue for statutory penalties based upon the assignment, the Court should nonetheless dismiss Plaintiff's statutory penalty claims because Plaintiff did not have a "colorable claim" for medical benefits at the time it filed suit. (R. 23, Def.'s Mem. at 13-14 (citing *Neuma*, 259 F.3d at 878).) In *Neuma*, the plaintiff sought to bring suit for statutory penalties based upon an assignment of rights by a plan participant. 259 F.3d at 878. The underlying issue in *Neuma*, however, was whether the plaintiff qualified as a "beneficiary" under ERISA, which would entitle him to sue for statutory penalties. *Id.* The test for whether or not the plaintiff was a "beneficiary" involved determining whether the plaintiff had a "colorable claim to vested benefits." *Id.* Here, Defendant admits that Plaintiff is a beneficiary under ERISA because it was entitled to the Patient's benefits under the Plan. (*See* R. 23, Def.'s Mem. at 13.)

However, to the extent there is a dispute whether Plaintiff has a colorable claim, the Seventh Circuit has explained that "the requirement of a colorable claim is not a stringent one." *Neuma*, 259 F.3d at 878 (internal alterations and citation omitted). "A plaintiff achieves status as a beneficiary if they have even an 'arguable' claim; 'only if the language of the plan is so clear that any claim as an assignee must be frivolous is jurisdiction lacking.'" *Id.* (internal alterations and citation omitted); *c.f. Winchester v. Pension Comm. of Michael Reese Health Plan*, 942 F.2d 1190, 1193-94 (7th Cir. 1991) (explaining that because the purpose of 29 U.S.C. § 1132(c) is not to penalize but instead to promote ERISA's goal of providing for prompt and fair settlements, a plaintiff who had settled a benefit claim before bringing suit for penalties under Section 1132(c) did not have a "colorable claim" to benefits). "Even in cases where a plaintiff's claim ultimately

13

failed, the 'possibility' of success [is] sufficient to establish . . . beneficiary status." *Neuma*, 259 F.3d at 878 (citation omitted). The relative strength of a claim is an issue to consider when analyzing the merits of a claim, not when deciding whether standing as a beneficiary has been conferred. *Id.*

Defendant argues that because Plaintiff's claim for benefits is time-barred, it does not have a "colorable claim." (R. 23, Def.'s Mem. at 14.) However, the Seventh Circuit has clearly stated that whether a claim ultimately succeeds or fails is not the relevant inquiry. *See Neuma*, 259 F.3d at 878. Instead, the Seventh Circuit directed courts to look to the language of the plan to determine if the claim was "frivolous." *Id.* It is the language of the Plan, and not the application of an affirmative defense, that determines whether a claim is "colorable[.]" *Id.* The parties have not directed the Court to any provision of the Plan that clearly negates Plaintiff's status as a beneficiary. The parties do not dispute that the Patient properly assigned his right to benefits to Plaintiff, and Plaintiff alleges that under the terms of the Plan it is entitled to reimbursement for unpaid medical expenses. (*See* R. 18-1, Am. Compl. at 4.) The Court finds Plaintiff's allegations meet the "low threshold of the colorable requirement" articulated in *Neuma*. 259 F.3d at 879 (citation omitted). Therefore, Plaintiff has standing to assert its January 2014 and March 2014 claims for statutory penalties.

Finally, Defendant argues that Plaintiff waived its remaining claims for statutory penalties by failing to address the issue of standing in its response to Defendant's motion, and asks the Court to dismiss the remaining claims. (R. 28, Def.'s Reply at 11 (citing *Lekas v. Briley*, 405 F.3d 602 (7th Cir. 2005)).) In *Lekas*, the Seventh Circuit held that a plaintiff's claim *may* be dismissed if plaintiff fails to present legal arguments or cite relevant authority in its response to the motion to dismiss. 405 F.3d at 614-15. This is not a command by the Seventh

Circuit that leaves this Court without discretion. *See Alioto v. Town of Lisbon*, 651 F.3d 715, 722 (7th Cir. 2011). Further, Plaintiff did, in fact, respond to Defendant's argument on this issue, albeit in a conclusory fashion. (*See* R. 27, Pl.'s Resp. at 1-2.) Nonetheless, after reviewing the amended complaint, the Court finds that Plaintiff has stated a "plausible" claim for statutory penalties that should not be dismissed at this stage of the proceedings. *See Ashcroft*, 556 U.S. at 664. Accordingly, the Court declines to dismiss the remaining statutory penalty claims that comprise Count II of Plaintiff's amended complaint.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss (R. 22) is GRANTED IN PART and DENIED IN PART. The Court dismisses Count I of Plaintiff's amended complaint with prejudice. The Court also dismisses Count II of the amended complaint with respect to the August 14, 2008 claim for statutory penalties with prejudice. The Court declines to dismiss the remaining statutory penalty claims contained in Count II. The Court directs the parties to reevaluate their settlement positions in light of this opinion. A status hearing will be held on September 16, 2015 at 9:45 a.m. to set a firm litigation schedule for this lawsuit if it has not been settled.

ENTERED: _____

**Chief Judge Rubén Castillo**
**United States District Court**

**Dated: August 28, 2015**

15