UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ST. ALEXIUS MEDICAL CENTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 14 C 8890 |
| v. ) | |
| ) | Chief Judge Rubén Castillo |
| ROOFERS' UNIONS WELFARE ) | |
| TRUST FUND, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court are separate motions by Plaintiff St. Alexius Medical Center ("St. Alexius") and Defendant Roofers' Unions Welfare Trust Fund (the "Fund") for attorneys' fees pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*. (R. 77, Fund's Mot.; R. 80, St. Alexius's Mot.) For the reasons stated below, both motions are denied.

## BACKGROUND

The Court presumes familiarity with the facts of this case, which are recounted in detail in a prior opinion granting summary judgment to the Fund. *St. Alexius Med. Ctr. v. Roofers' Unions Welfare Tr. Fund*, No. 14 C 8890, 2017 WL 465476 (N.D. Ill. Jan. 31, 2017). The facts are briefly summarized as they pertain to the present motions.

In 2007, St. Alexius provided medical services totaling $153,424 to an unnamed patient ("Patient"), a participant in the Fund. *Id.* at *3. Patient assigned his rights to St. Alexius, which sought reimbursement directly from the Fund. *Id.* In December 2008, the Fund denied the claim for benefits, finding that the treatment provided to Patient was for a work-related injury and was thus excluded from coverage. *Id.* at *5. On the backside of the denial was a statement advising

that an administrative appeal of the denial had to be filed in writing within 180 days. *Id.* St. Alexius did not file a formal appeal until January 2014, however, and it was denied by the Fund as untimely. *Id.*

In November 2014, St. Alexius filed a complaint under ERISA seeking (1) reimbursement for the medical services provided to Patient and (2) penalties for the Fund's alleged failure to provide plan documents in a timely manner. *Id.* The Fund moved to dismiss the complaint in its entirety, but the Court allowed the claims to proceed except for a claim within count two for failure to produce plan documents in response to a request made in August 2008, which the Court found to be untimely. *Id.* After engaging in discovery, the parties both moved for summary judgment. *Id.* The Fund argued that this action was untimely, and that St. Alexius had failed to properly exhaust its administrative remedies before filing suit. *Id.* The Fund further argued that it had provided the requested plan documents within the statutorily required time limit. *Id.* at *5. Conversely, St. Alexius argued that its action was timely under the Summary Plan Description ("SPD"), adopted by the Fund in 2006, which contained no statute of limitations. *Id.* at *1, 6. On the exhaustion issue, St. Alexius argued that letters it had sent to the Fund in 2008 should be construed as a timely administrative appeal or, alternatively, that it should be excused from complying with the exhaustion requirement under the circumstances. *Id.* at *9. St. Alexius further argued that the Fund did not provide the SPD as required by ERISA until after this lawsuit was filed. *Id.* at *14.

In resolving the timeliness issue, the Court agreed with St. Alexius that the SPD, rather than an older "Historical Plan," was the governing plan document. *Id.* at *8. Because the SPD did not contain a specific statute of limitations, a ten-year statute of limitations borrowed from state law applied. *Id.* at *9. This action was therefore timely. *Id.* The Court alternatively

2

determined that even if the Historical Plan controlled, the lawsuit was still timely in light of a provision in the Historical Plan expanding the limitations period under certain circumstances. *Id.*

St. Alexius's victory was short-lived, however, because on the issue of exhaustion, the Court found that St. Alexius did not properly exhaust its administrative remedies prior to filing this lawsuit. *Id.* at *10-13. Both parties agreed that St. Alexius was subject to a 180-day filing deadline to challenge the denial of benefits through an administrative appeal. *Id.* at *10. St. Alexius argued that letters it had written to the Fund in 2008 qualified as an administrative appeal of the benefits denial occurring that year. *Id.* at *11. This Court disagreed. *Id.* Because the denial of benefits was issued in 2008, St. Alexius's appeal filed in 2014 far exceeded the 180-day deadline. *Id.* at *12. Therefore, this Court granted summary judgment for the Fund on this procedural issue, without reaching the underlying merits of St. Alexius's claim for benefits. *Id.* at *13.

Thereafter, the Fund filed a motion seeking $71,840.00 in attorneys' fees as the prevailing party in this lawsuit. (R. 77, Fund's Mot.) St. Alexius objects to the motion, arguing that its position throughout this case has been "substantially justified," such that no fees should be awarded. (R. 90, St. Alexius's Resp. at 1.) St. Alexius alternatively argues that the amount of fees sought by the Fund is not reasonable and should be reduced. (*Id.* at 8-10.)

St. Alexius, in turn, seeks an award of $11,497.50 in attorneys' fees, which represents a portion of the fees it incurred in this case. (R. 80, St. Alexius's Mot.) St. Alexius believes it is entitled to this amount because it prevailed on certain issues during the course of this lawsuit. (R. 81, St. Alexius's Mem. at 4-5.) The Fund objects to St. Alexius's motion, arguing that St. Alexius may have had some procedural victories but did not achieve any "degree of success on

the *merits*." (R. 89, Fund's Resp. at 1 (emphasis added).) Alternatively, the Fund argues that the amount of fees sought by St. Alexius is not reasonable and should be reduced. (*Id.* at 8.)

## ANALYSIS

Under the "bedrock principle known as the 'American Rule,' . . . [e]ach litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 253 (2010). ERISA provides one such statutory exception, allowing the Court "in its discretion" to award "a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). Because of the wording of the statute, a fee claimant need not be a "prevailing party" in the traditional sense to be eligible for an award of fees. *Hardt*, 560 U.S. at 252-53. Rather, the claimant need only show "some degree of success on the merits." *Id.* at 255 (citation omitted). However, "[a] claimant does not satisfy that requirement by achieving 'trivial success on the merits' or a 'purely procedural victor[y].'" *Id.* (quoting *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 688 n.9 (1983)).

If a party has achieved some degree of success on the merits and is thus eligible for an award of fees, the next step is for the Court to determine whether an award is appropriate under the facts of the case. *Pakovich v. Verizon LTD Plan*, 653 F.3d 488, 494 (7th Cir. 2011). There is a "modest presumption in favor of awarding fees to the prevailing party, though that presumption can be rebutted." *Jackman Fin. Corp. v. Humana Ins. Co.*, 641 F.3d 860, 866 (7th Cir. 2011) (internal quotation marks omitted). The presumption carries less weight when a prevailing *defendant* seeks attorneys' fees from a losing plaintiff. *Florin v. Nationsbank of Ga., N.A.*, 34 F.3d 560, 563-64 (7th Cir. 1994) ("[A]lthough winning defendants may, in rare cases, collect fees from losing plaintiffs, the ERISA fee-shifting statute primarily benefits winning plaintiffs."); *Nichol v. Pullman Standard, Inc.*, 889 F.2d 115, 121 (7th Cir. 1989) ("[F]ailure to

award attorneys' fees and costs to ERISA defendants, even 'prevailing' defendants, would rarely constitute an abuse of discretion." (quoting *Marquardt v. N. Am. Car Corp.*, 652 F.2d 715, 720 (7th Cir. 1981) (internal quotation marks omitted)).

The U.S. Court of Appeals for the Seventh Circuit has recognized two tests that may be used to determine whether an award of fees is appropriate under ERISA. *See Temme v. Bemis Co.*, 762 F.3d 544, 547-48 (7th Cir. 2014) (per curiam); *Kolbe & Kolbe Health & Welfare Benefit Plan v. Med. Coll. of Wis., Inc.*, 657 F.3d 496, 506 (7th Cir. 2011). The first test considers the following five factors:

> (1) the degree of the offending parties' culpability; (2) the degree of the ability of the offending parties to satisfy personally an award of attorneys' fees; (3) whether or not an award of attorneys' fees against the offending parties would deter other persons acting under similar circumstances; (4) the amount of benefit conferred on members of the pension plan as a whole; and (5) the relative merits of the parties' positions.

*Raybourne v. Cigna Life Ins. Co. of N.Y.*, 700 F.3d 1076, 1090 (7th Cir. 2012) (citing *Kolbe*, 657 F.3d at 505-06). In light of the "disconnect between several of the factors and cases where prevailing *defendants* seek an award of fees and costs, the Seventh Circuit created a second test, derived by analogy from the Equal Access to Justice Act ('EAJA'), 28 U.S.C. § 2412(d)(1)(A)." *Lingis v. Motorola, Inc.*, 868 F. Supp. 2d 771, 776 (N.D. Ill. 2012) (emphasis added). Under this second test, "an award of fees to a successful defendant in an ERISA suit may be denied if the plaintiff's position was both substantially justified—meaning something more than non-frivolous, but something less than meritorious—and taken in good faith, or if special circumstances make an award unjust." *Jackman Fin. Corp.*, 641 F.3d at 866 (citation and internal quotation marks omitted). Although the two tests involve different phraseology, they essentially ask the same question: "[W]as the losing party's position substantially justified and taken in

5

good faith, or was that party simply out to harass its opponent?" *Mondry v. Am. Family Mut. Ins. Co.*, 497 F. App'x 603, 612 (7th Cir. 2012) (citation omitted).

I. **St. Alexius's Motion for Attorneys' Fees**

Turning first to St. Alexius's motion, the threshold question is whether St. Alexius achieved "some degree of success on the merits" in this case. *Hardt*, 560 U.S. at 255 (citation omitted). Although a litigant need not prevail entirely to be entitled to an award of fees under ERISA, a litigant is not entitled to fees when they achieved only "trivial success on the merits or a purely procedural victor[y]." *Id.* (citation and internal quotation marks omitted). Put another way, a non-prevailing party must win "a skirmish that conferred some legal benefit" to receive an award of fees. *Loomis v. Exelon Corp.*, 658 F.3d 667, 674-75 (7th Cir. 2011).

St. Alexius argues that it satisfies this standard because it successfully defeated the Fund's motion to dismiss and ultimately prevailed on certain issues, specifically, what constituted the governing plan and the related issue of timeliness of the complaint. (R. 81, St. Alexius's Mem. at 4.) The Court agrees with the Fund that these were purely procedural victories. (*See* R. 89, Fund's Resp. 3-4.) St. Alexius did not establish an ERISA violation, obtain compensation under the plan, obtain an order remanding its claim for further consideration by the Fund, or obtain any other favorable injunctive relief. *See Hardt*, 650 U.S. at 255-56. Although St. Alexius won some procedural battles along the way, the "victories" it won did not confer any actual legal benefit. *Loomis*, 658 F.3d at 674-75; *see also Ruckelshaus*, 463 U.S. at 685 ("[O]rdinary conceptions of just returns reject the idea that a party who wrongly charges someone with violations of the law should be able to force that defendant to pay the costs of the wholly unsuccessful suit against it.").

6

Under these circumstances, the Court concludes that St. Alexius's procedural and technical successes in this lawsuit do not entitle it to an award of fees. Because the motion fails on this threshold issue, the Court need not reach the parties' arguments about whether the amount sought by St. Alexius is reasonable. The motion is denied.

## II. The Fund's Motion for Attorneys' Fees

As for the Fund's motion, there can be no dispute that the Fund achieved some degree of success on the merits when the Court granted its motion for summary judgment. *Geiger v. Aetna Life Ins. Co.*, No. 15-cv-3791, 2016 WL 5391206, at *4 (N.D. Ill. Sept. 27, 2016) ("As a threshold matter, Aetna achieved some degree of success on the merits when the Court granted its motion for summary judgment[.]" (internal quotation marks omitted)); *Kieszkowski v. PersonalCare Ins. of Ill., Inc.*, No. 09 C 01936, 2011 WL 3584324, at *9 (N.D. Ill. Aug. 12, 2011) ("There is of course no doubt that [the defendant] achieved some degree of success on the merits, as the Court has decided to award summary judgment in its favor." (internal quotation marks omitted)). The Fund is therefore eligible for an award of fees. The Court must consider, then, whether an award of fees is appropriate under either of the two tests adopted by the Seventh Circuit. *Pakovich*, 653 F.3d at 494.

### A. Five-Factor Test

Turning to the five-factor test, on the first factor of culpability the Fund argues that St. Alexius acted in bad faith throughout the course of litigation by pursing frivolous positions. (R. 78, Fund's Mem. at 5-7.) The Seventh Circuit has explained that "the 'culpability' of a losing plaintiff significantly differs from that of a losing defendant." *Marquardt*, 652 F.2d at 720. "A losing defendant must have violated ERISA, thereby depriving plaintiffs of rights under a pension plan and violating a Congressional mandate. A losing plaintiff, on the other hand, will

7

not necessarily be found 'culpable,' but may be only in error or unable to prove his case." *Id.* In this case, St. Alexius filed suit within the applicable statute of limitations (as determined by this Court) and had a report from an independent medical examiner ("IME") opining that Patient's medical issue was not work-related and that St. Alexius's claim for benefits should have been paid. (*See* R. 90-1, IME Report.) St. Alexius ultimately lost the case because it did not properly exhaust its administrative remedies when the claim was denied in 2008, but it had non-frivolous arguments that its correspondence to the Fund in 2008 constituted a timely administrative appeal or, alternatively, that its lack of compliance with the exhaustion requirement should be excused under the circumstances. *St. Alexius Med. Ctr.*, 2017 WL 465476, at *9-13. Given the legitimacy of these arguments, the Court finds that this first factor weighs against requiring St. Alexius to pay the Fund's attorneys' fees in this case.

The second factor is whether the losing party has the ability to satisfy the claim. *Raybourne*, 700 F.3d at 1090. Courts have recognized that saddling "a plan participant who brings a good-faith action with crippling attorneys' fees . . . would thwart ERISA's purpose." *Hakim v. Accenture U.S. Pension Plan*, 901 F. Supp. 2d 1045, 1054 (N.D. Ill. 2012). St. Alexius is not an individual plan participant, but is instead a hospital with substantial assets, and so this concern is of limited applicability. The Court nevertheless takes into account that St. Alexius is a not-for-profit corporation, and that it was seeking reimbursement for medical services it had already provided rather than a windfall recovery. The Court finds this factor to be essentially neutral. *See Jackson Fin. Corp.*, 641 F.3d at 867 (affirming denial of fees for prevailing ERISA defendant even though plaintiff, a corporation, could clearly afford to pay them).

The third factor is whether an award of attorneys' fees against the losing party would deter other persons acting under similar circumstances. *Raybourne*, 700 F.3d at 1090. The Court

must consider this factor carefully: "A grant of attorneys' fees may have a chilling effect on beneficiaries seeking redress for legitimate claims, while a denial of attorneys' fees may encourage lawsuits by parties with no chance of success." *Hakim*, 901 F. Supp. 2d at 1053. The Seventh Circuit has held that in the case of a losing ERISA *plaintiff*, "it generally is sufficient that plaintiff bears his own attorneys' fees and costs to deter institution of a frivolous or baseless suit." *Marquardt*, 652 F.2d at 721.

The Fund here seeks a fee award of $78,400—more than half the amount of benefits sought by St. Alexius for Patient's medical treatment. *See St. Alexius Med. Ctr.*, 2017 WL 465476, at *3. Although St. Alexius ultimately lost this case for procedural reasons, the report it obtained from an IME suggested that it had a legitimate basis to pursue a claim for benefits. (*See* R. 90-1, IME Report.) Awarding such a large amount of fees could have a chilling effect on other beneficiaries pursuing legitimate claims, which would contravene ERISA's purpose. *See Meredith v. Navistar Int'l Transp. Co.*, 935 F.2d 124, 128-29 (7th Cir. 1991) ("[W]e must keep in mind ERISA's essential remedial purpose: to protect beneficiaries of pension plans. Adherence to this policy often counsels against charging fees against ERISA beneficiaries since private actions by beneficiaries seeking in good faith to secure their rights under employee benefit plans are important mechanisms for furthering ERISA's remedial purpose." (citation and internal quotation marks omitted)). The Court finds that this factor weighs against an award of fees for the Fund.

The fourth factor, benefit to other members of the pension plan, is "largely irrelevant in an individual dispute" like this one, *Hakim*, 901 F. Supp. 2d at 1053-54, particularly where the Court is considering whether to award fees to a prevailing defendant. *Marquardt*, 652 F.2d at 721 ("[I]n general, the fourth factor is significant in determining the benefits conferred in a suit

9

brought by ERISA plaintiffs, rather than the benefits of dismissing a meritless ERISA suit."). The Fund argues that an award of fees is appropriate in this case because it "will restore Fund assets that were unnecessarily expended on this frivolous litigation." (R. 78, Fund's Mem. at 9.) The Court disagrees that this action was "frivolous," and additionally, this would mean that an award of fees would be appropriate in every case involving a prevailing ERISA defendant, which is not the standard. The Court finds this fourth factor to be neutral.

The fifth factor is the relative merits of the parties' positions. *Raybourne*, 700 F.3d at 1090. Although St. Alexius ultimately lost this case, the Court cannot say that its position on the merits or on the exhaustion issue was unjustified. *Jackman*, 641 F.3d at 867 (affirming denial of fees for ERISA defendant where plaintiff's position, although not successful, "had an understandable foundation"). Nor is there any basis to conclude that this lawsuit was brought in bad faith or solely to harass the Fund. *Hakim*, 901 F. Supp. 2d at 1054 (denying fees for prevailing ERISA defendant where "the course of this litigation simply doesn't square with a finding that [plaintiff] sued in bad faith or merely to harass the Plan").

It is also worth noting that even though the Fund ultimately prevailed in this case, it advanced several arguments that this Court found to be meritless. It argued vigorously throughout the litigation that the Historical Plan rather than the SPD controlled—an argument that was contradicted by clear statements by the Fund's own board. *St. Alexius Med. Ctr.*, 2017 WL 465476, at *1, 8. The Fund also challenged the timeliness of this case at several stages, even though in this Court's view the action was timely under either the Historical Plan or the SPD. *Id.* at *8-9. The Fund's timeliness argument rested in part on a rather tortured reading of a provision contained in the Historical Plan. *Id.* at *9. These positions unnecessarily complicated the issues

that had to be resolved in this case. The Court finds that this fifth factor weighs against awarding fees to the Fund.

Weighing all five factors in their totality, the Court concludes that they do not support an award of fees to the Fund. St. Alexius will have to shoulder its own attorneys' fees in this hard-fought case, which the Court finds to be a sufficient deterrent to other potential plaintiffs with less-than-meritorious claims. *See Marquardt*, 652 F.2d at 721; *see also Hakim*, 901 F. Supp. 2d at 1054 (denying fees for ERISA defendant where "Plaintiff survived in part Defendant's multiple motions to dismiss, won a number of discovery motions, and temporarily prevailed in part on the Plan's multi-pronged motion for summary judgment"); *Sprague v. Cent. States, Se. & Sw. Areas Pension Fund*, No. 99 C 7726, 2001 WL 1914700, at *1 (N.D. Ill. Nov. 6, 2001) (denying ERISA defendant's motion for fees even though the court "did not find plaintiff's claim to be at all persuasive," and plaintiff "did not advance it until he had terminated his position with the union, some considerable time after the claim arose, and, apparently, without much prior investigation," because having to pay his own attorneys' fees was "itself a significant deterrent").

### B. Substantially Justified Test

Under the alternative test, "an award of fees to a successful defendant in an ERISA suit may be denied if the plaintiff's position was both substantially justified—meaning something more than non-frivolous, but something less than meritorious—and taken in good faith, or if special circumstances make an award unjust." *Jackman Fin. Corp.*, 641 F.3d at 866 (citation and internal quotation marks omitted). Based on the IME's report supporting St. Alexius's claim for benefits, this Court cannot say that St. Alexius's claim lacked a "solid basis." *Hakim*, 901 F. Supp. 2d at 1053 (citation omitted). Additionally, whether the SPD or the Historical Plan governed the parties' dispute was a hotly contested issue that was ultimately resolved in favor of

11

St. Alexius. *St. Alexius Med. Ctr.*, 2017 WL 465476, at *8-9. St. Alexius relatedly succeeded in convincing this Court that its action was timely filed. *Id.* Although St. Alexius ultimately lost on the exhaustion issue, its arguments pertaining to exhaustion necessitated careful review of the applicable case law and resulted in several pages of analysis in the Court's summary judgment order. *See id.* at *9-13. Under these circumstances, the Court finds that St. Alexius's litigation position was substantially justified and taken in good faith. *See Hakim*, 901 F. Supp. 2d at 1053 (denying fees for ERISA defendant where "the Court found Plaintiff's litigation position to be somewhat compelling and certainly not unreasonable"); *Sprague*, 2001 WL 1914700, at *1 (denying ERISA defendant's request for fees where the issues in the case "were relatively complex" and necessitated "opinions of some length" from the district court and the court of appeals).

For all these reasons, the Court will exercise its discretion to deny the Fund's motion for attorneys' fees. In the words of former U.S. District Judge James B. Moran, "We think it is time to close out this chapter and move on." *Sprague*, 2001 WL 1914700, at *1. Because the Court concludes that an award of fees is not appropriate, it does not reach the parties' arguments regarding whether the amount sought by the Fund is reasonable.

## CONCLUSION

For the foregoing reasons, the parties' respective motions for attorneys' fees (R. 77; R. 80) are DENIED.

ENTERED:

Chief Judge Rubén Castillo
United States District Court

Dated: August 18, 2017